IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON SCHREIBEIS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 10-1025 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial

evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] While substantial evidence supports the findings of the Administrative Law Judge ("ALJ"), Plaintiff does raise one issue warranting further discussion. Plaintiff argues that this Court should remand the case because the ALJ's credibility finding failed to acknowledge or evaluate Plaintiff's long work history as a factor. The Court disagrees and finds remand on this issue unwarranted.

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (R. 14). In so doing, the ALJ cited to the medical evidence of record and reported daily activities which he found supported a finding that Plaintiff's impairments reasonably may be expected to produce some pain and limitations, but not to the extent claimed by Plaintiff. (R 14-16). While Plaintiff is correct that the ALJ did not, in making this determination, specifically reference his work history, it was not error not to do so in this case.

A claimant's testimony regarding his subjective pain and work capabilities is entitled to great weight where it is supported by competent medical evidence. Furthermore, when the claimant has worked for a long period of time, his testimony about his work capabilities should be accorded substantial credibility. See Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979); Taybron v. Harris, 667 F.2d 412, 415 n. 6 (3d Cir. 1981); Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984). However, an ALJ does not err by failing to afford a claimant heightened credibility based *solely* on his work history. See Corley v. Barnhart, 102 Fed. Appx. 752, 755 (3d Cir. 2004). There generally must be other factors, such as evidence of severe impairments or attempts to return to work, for a claimant to be entitled to heightened credibility. See id.

Here, the ALJ found that any claim by Plaintiff that his limitations precluded him from working was not supported by the medical evidence of record or by Plaintiff's reported daily activities. Further, while he did not, in his decision, discuss Plaintiff's work history, there is no evidence in the record of any additional factors, such as severe impairments or attempts to return to work, that would warrant a finding of heightened credibility. In regard to the latter factor, the Court notes that, although Plaintiff did continue to work past his alleged onset date of October 20, 2007, the facts indicate that this was not actually an attempt to return to work after becoming disabled. As the ALJ explained, there is nothing in the record to suggest that whatever disability Plaintiff may claim began on October 20, 2007. As the ALJ pointed out, this was during a significant period in which he had no office visits with his primary care physician. (R. 15). The record does not establish that Plaintiff left his most recent construction job because of a disability. Indeed, he does not allege that his disability began until significantly after he left that job. Accordingly, Plaintiff did not attempt to return to work after ending employment because of a disability; he continued working past that date, a date on which nothing noteworthy happened to change his condition. The ALJ indicated that this actually undercut Plaintiff's claims of disability as of that date (R. 11, 15),

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

                                                s/Alan N. Bloch
                                                United States District Judge

ecf:  Counsel of record

---

this actually undercut Plaintiff's claims of disability as of that date (R. 11, 15), and substantial evidence supports that assessment.

    Moreover, the Court notes that Plaintiff's work history was discussed at the hearing before the ALJ and is evidenced in the record, and was therefore known to the ALJ when he made his credibility determination. (R. 48, 114-15). Accordingly, since the ALJ's credibility determination, despite not explicitly discussing Plaintiff's work history, is supported by substantial evidence, remand on this issue is unwarranted. See Vanatta v. Barnhart, 327 F. Supp. 2d 1317, 1321 (D. Kan. 2004).